# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22CR615 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | **DEFENDANT LAWRENCE** |
| | ) | **STURDIVANT'S** |
| LAWRENCE STURDIVANT, | ) | **MOTION FOR 17(C) SUBPOENA** |
| | ) | |
| Defendant. | ) | |

Defendant Lawrence Sturdivant, through his undersigned counsel, respectfully moves the Court pursuant to Federal Rule of Criminal Procedure 17(c) to permit the issuance of the attached subpoena to the Cuyahoga County Department of Public Safety & Justice Services (the "Department of Public Safety") to produce objects to the defense.

A Memorandum in support of this Motion is attached hereto and incorporated by reference herein.

Respectfully submitted,

/s/ *Paul M. Flannery*
Paul M. Flannery (OH: 0091480)
**Flannery | Georgalis, LLC**
1375 E. 9th St., 30th Floor
Cleveland, OH 44114
Tel./Fax: (216) 367-2094
paul@flannerygeorgalis.com

*Attorney for Defendant Lawrence Sturdivant*

**MEMORANDUM**

The government has produced discovery in this matter, including photographs and location data associated with license plate reader ("LPR") technology that is currently utilized in Cleveland, Ohio. Law enforcement officers reviewed LPR data as part of the investigation in this case. Mr. Sturdivant is entitled to review information related to the location, implementation, storage policies and prevalence of the LPR technology utilized by law enforcement officers during the investigation in this case to prepare for trial and prepare a potential motion to suppress evidence.

On September 5, 2023, after not receiving a response from the City of Cleveland to defense counsel's public records requests for information regarding the City's automatic license plate reader systems, defense counsel filed a Motion for a 17(c) Subpoena for pre-trial production of such records from the City of Cleveland Division of Police *vis a vis* the City of Cleveland (the "CPD Subpoena"). The Court granted Mr. Sturdivant's motion the following day, and the CPD Subpoena was served on or about September 8, 2023.

On or about October 10, 2023, and October 16, 2023, defense counsel's office communicated with the City of Cleveland Law Department regarding the records requested. The City claims it has no responsive records and that the proper entity in possession of the records requested is actually the Cuyahoga County Department of Public Safety & Justice Services (the "Department of Public Safety"). *See* Email from City of Cleveland Department of Law paralegal Tara Murphy, attached as Exhibit A. Defense counsel continues to work with the City to obtain any documents and information it may have that are responsive to the CPD Subpoena.[1] But given the City's claim that the at least the bulk of the requested documents and information Mr.

---

[1] Defense counsel has invited the City's Law Department to conduct a meet and confer session to discuss the subpoena and the City's response. To date, the City has rejected that invitation. If defense counsel cannot resolve the matter with the City absent Court involvement, defense counsel will file a motion to compel.

2

Sturdivant seeks is in the possession of the Department of Public Safety, Mr. Sturdivant now respectfully moves this Court for an additional Rule 17(c) subpoena to compel the Department of Public Safety to produce relevant evidence that is not otherwise reasonably procurable in advance of trial by the exercise of due diligence.

The purpose of this Memorandum is to provide adequate background information and justification for this request. For these reasons set forth herein, Mr. Sturdivant respectfully requests that this Honorable Court grant his Motion for 17(c) Subpoena and issue an order authorizing the service of a Rule 17(c) subpoena to the Department of Public Safety.

I.  **INTRODUCTION**

On October 27, 2022, Mr. Sturdivant was charged with ten counts of violating 18 U.S.C. § 1951(a) (Interference with Commerce by Robbery); three counts of violating 18 U.S.C. § 924(c)(1)(A)(ii) (Use, Carry, and Brandish Firearm During and in Relation to Crime of Violence); and one count of violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Felon in Possession of Ammunition). (*See* Indictment, ECF #20.) On May 30, 2023, the undersigned was appointed as CJA counsel for Mr. Sturdivant.

The government generally alleges Mr. Sturdivant committed a series of robberies at retail stores located within the Northern District of Ohio between December 5, 2021, and December 26, 2021. Investigators used LPRs located in various locations in and around the Northern District of Ohio to identify a suspect vehicle believed to have been associated with Mr. Sturdivant. With the LPR information, investigators developed Mr. Sturdivant as a suspect in this case, and eventually obtained additional evidence allegedly connecting Mr. Sturdivant to the crimes charged in the Indictment.

Accordingly, Mr. Sturdivant moves this Court for an order authorizing the service of a Rule 17(c) subpoena on the following entity for the specified information:

- **Cuyahoga County Department of Public Safety & Justice Services**: For the period December 30, 2017 – December 30, 2022, records on Automated ("LPR") systems including:
    1. Any records sufficient to show all LPR camera systems used by law enforcement agencies within Cuyahoga County and/or Cuyahoga County itself.
    2. Any records sufficient to show the name of administrator or administrators of LPR systems.
    3. Any records sufficient to show the number of LPR cameras within Cuyahoga County.
    4. Any records sufficient to show all locations of LPR cameras within Cuyahoga County.
    5. Copies of contract(s) with all third-party LPR systems.
    6. Any policies related to the use or querying of LPR systems.
    7. Any policies related to the length of time LPR recordings are retained; all information related to length of retention.
    8. Any agreements or policies related to sharing LPR data with other law enforcement agencies.
    9. Any agreements or policies related to other agencies sharing LPR data with law enforcement agencies within Cuyahoga County and/or Cuyahoga County itself.
    10. Any records sufficient to show, and related to, any privacy complaints received about LPR cameras in the last 5 years.
    11. Any records related to employees misusing the LPR systems, including disciplinary reports.
    12. Any policies or guidelines related to which employees have access to regarding the LPR database.
    13. Any records sufficient to show, and related to, any auditing/supervision policy of the LPR systems.
    14. Any internal communications related to concerns about the use or scope of the LPR systems.
    15. Any records sufficient to show, and related to, any LPR systems false positives and steps taken to fix these issues.
    16. Any records sufficient to show, and related to, where LPR data is stored (e.g., the Cloud system) and if all employees have the same access to the stored data that law enforcement agents have.

## II.   LAW AND ARGUMENT

Mr. Sturdivant respectfully requests that this Court grant his Motion for production of documents pursuant to Fed. R. Crim. P. 17(c) that could not otherwise be obtained through due diligence of counsel. Criminal Rule 17(c)(1), Producing Documents and Objects, provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to

produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Under *United States v. Nixon,* 418 U.S. 683, 699-700 (1974), a criminal defendant can subpoena materials or testimony if he can show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by the exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition." Put simply, to carry his burden under Rule 17, a defendant "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." *Id.*

Moreover, the Sixth Circuit case law provides that a criminal defendant is not required to first ask the Government for discovery before subpoenaing evidence. Because the government does not possess or control all of the materials potentially relevant to a defendant's case and is not obligated to acquire materials possessed or controlled by others, criminal-procedure rules do not make the government the gatekeeper to evidence it may not have. *United States v. Llanez-Garcia*, 735 F. 3d 483, 493 (6th Cir. 2013). Even though the government's discovery production included photographs and location information associated with the LPRs utilized during the investigation in this case, the defense is entitled to additional information related to the prevalence, implementation, and data retention of the LPR program utilized by law enforcement officers in this matter. Mr. Sturdivant meets the standards outlined in *U.S. v. Nixon* as described herein.

While Rule 17 is typically utilized to obtain documents prior to trial, the Sixth Circuit has previously acknowledged the applicability of Rule 17 to obtain documents to be used in other proceedings. *See Llanez-Garcia*, 735 F. 3d at 493 (observing that Rule 17(c) "implements a criminal defendant's constitutional right 'to have compulsory process for obtaining witnesses in

5

his favor' by providing a means to subpoena witnesses and documents for a trial or a hearing") (citing U.S. Const. amend. VI); *See also* 2 Charles Alan Wright et al., Federal Practice and Procedure § 272 (4th ed.) ("'Rule 17 is not limited to subpoenas for the trial' and a subpoena may be issued for a preliminary examination, a grand jury investigation, a deposition, a determination of a factual issue raised by a pre-trial motion, or a post-trial motion.") (Same).

### i. Relevancy

The additional LPR information is relevant and material. It is likely that the government would seek to admit LPR location data and photographs related to a suspect vehicle during a trial in this in this matter. Additionally, the LPR information was used to develop Mr. Sturdivant as a suspect and as a basis to obtain additional evidence the government would seek to use against Mr. Sturdivant at trial. Depending on the prevalence of the LPR program within the Northern District of Ohio, and the policies related to the implementation of the LPR program, the use of the LPR program by investigators in this case may have run afoul of Mr. Sturdivant's Fourth Amendment rights. The information sought in the subpoena is relevant and material to Mr. Sturdivant's assertion of his Constitutional rights against unreasonable searches and to mount a defense to the government's charges.

### ii. Admissibility

The LPR program information is relevant to the alleged events and would be admissible, subject to authentication, at a pretrial motions hearing. Most—if not all—of the information requested likely constitutes business records or public records which are excepted from the hearsay rule. Fed. R. Evid. 803(6) and (8).

### iii. Specificity

The scope of this request is limited to information related to the prevalence of use, implementation, and data retention polices that were in place two years before and two years after

the offenses described in the Indictment. The defense has carefully tailored this request to be in compliance with the standards set forth in *Nixon*.

### III.  ORDER REGARDING PRODUCTION LOGISTICS

The information requested is necessary to further investigate the government's allegations, provide additional foundation for pretrial motions, and challenge evidence of guilt at trial. As outlined above, defense counsel requests that the Court issue an order that the sought-after information be provided by a time certain, well in advance of trial, and no later than thirty days (30 days) after service of the subpoena. Therefore, the expected response date for any subpoena to the Department of Public Safety would be about November 22, 2023 (assuming a service date of around October 23, 2023).

Once the information sought in the subpoena is returned, undersigned counsel will require time to review the materials, discuss the information with Mr. Sturdivant, and potentially prepare a motion to suppress. A status report is currently due to the Court by October 23, 2023. The status report will address, among other things, issues related to the City of Cleveland's response to the CPD subpoena (which caused delays in seeking the information requested) and seeking to reestablish a briefing schedule.

Given all this, the defense proposes submitting a status report on or before November 22, 2023.

### IV.  CONCLUSION

The information sought is crucial to prepare for trial and potential suppression proceedings, and without such production the defense is unable to properly prepare or to effectively present its case. This request has not been made for the purpose of undue delay or harassment. Instead, this request is made in good faith and for good cause, will not unfairly prejudice any party, and is

necessary to ensure that discovery may be completed in this case, that critical pretrial issues may be resolved, and that Mr. Sturdivant may adequately prepare his defense.

For good cause shown, Mr. Sturdivant respectfully requests that this Court grant his Motion for 17(c) Subpoena and issue an order authorizing the service of the attached Rule 17(c) subpoena.

Respectfully submitted,

/s/ *Paul M. Flannery*
Paul M. Flannery (OH: 0091480)
**Flannery | Georgalis, LLC**
1375 E. 9th St., 30th Floor
Cleveland, OH 44114
Tel./Fax: (216) 367-2094
paul@flannerygeorgalis.com

*Attorney for Defendant Lawrence Sturdivant*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ *Paul M. Flannery*
Paul M. Flannery