AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| United States of America | ) |
|---|---|
| v. | ) |
|  | ) Case No. |
|  | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE**

To:

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

| Place: | Date and Time: |
|---|---|
|  | Within 30 days of receipt of this subpoena. |

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date:

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____, who requests this subpoena, are:

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

Case No.

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)**

**(c) Producing Documents and Objects.**

    **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

    **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

# Attachment A

## DEFINITIONS

A. "Record" means each and every writing, of whatever nature, whether an original, a draft, or a copy, however produced, reproduced or stored, whether manually, mechanically, electronically, electromagnetically, or otherwise, and each and every tangible thing from which information can be processed or transcribed.

   I. The term "Record" also includes, but is not limited to, emails, text messages, chats, letters, telegrams, telexes, facsimiles, contracts, agreements, memoranda, receipts, calendars, appointment books, telephone messages and message logs, notes, schedules, worksheets, books, pamphlets, summaries, proposals, photographs, ledgers, statements, files, invoices, work papers, research materials, computer printouts and other computer generated writings, or any similar item.

   II. "Record" also includes all tangible, written or non-written forms of expression in your possession, custody, or control, including partial, preliminary and completed versions, however created, produced or stored, whether electronically, electromagnetically, or otherwise, including, but not limited to, tape recordings, video recordings, magnetic tapes, disks, diskettes, disk packs and other electronic media.

B. "ALPR" or "LPR" means any camera or camera system, fixed, mobile, or otherwise, that can be used to identify vehicles.

C. "Relating to" includes all documents that constitute, contain, embody, comprise, reflect, identify, state, concern, refer to, pertain to, respond to, comment on, describe, analyze, or are in any way relevant to that subject, regardless of whether they explicitly mention or name the subject matter.

D. "Policy" or "Policies" includes all formal and informal statements, principles, guidelines, rules, or protocols.

## DOCUMENTS REQUESTED

For the period December 30, 2017 – December 30, 2022:

1. Any records sufficient to show all automatic license plate reader (LPR) camera systems queried or otherwise used by the Highland Heights Police Department and/or city of Highland Heights.

2. Any records sufficient to show the name of the administrator or administrators of LPR systems.

3. Any records sufficient to show the number of LPR cameras within the city of Highland Heights.

4. Any records sufficient to show all locations of LPR cameras within the city of Highland Heights.

5. Any records relating to the predictive or other analytical capabilities of the LPR camera system, including communications with employees, companies, organizations, groups, law enforcement organizations, or government entities.

6. Copies of contract(s) with all third-party LPR systems.

7. Any policies and records relating to how data from the camera system is collected.

8. Any policies and records relating to the identification of individuals, employees, companies, organizations, groups, law enforcement organizations, or government entities that have access to the LPR system.

9. Any policies and records relating to the circumstances that would allow individuals, companies, organizations, groups, law enforcement organizations, or government entities to access the LPR system.

10. Any policies and records relating to the circumstances that would allow individuals, companies, organizations, groups, law enforcement organizations, or government entities to share data recovered from the LPR system.

11. Any policies and records relating to the use or querying of LPR systems.

12. Any policies and records relating to the length of time LPR camera recordings are retained.

13. Any records relating to any privacy complaints received about LPR cameras in the last 5 years.

14. Any policies and records relating to the misuse of the LPR system by individuals, employees, companies, organizations, groups, law enforcement organizations, or government entities.

15. Any policies and records relating to concerns about the use or scope of the LPR system.

16. Any policies and records relating to any LPR system false positives and steps taken to fix these issues.

17. Any policies and records relating to how LPR system data is stored and identification of individuals, employees, companies, organizations, groups, law enforcement organizations, or government entities that have access to the stored data.