UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:22-cr-00615-JPC-1 |
| v. ) | |
| ) | |
| LAWRENCE STURDIVANT, ) | |
| ) | |
| Defendant. ) | |

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL COMPLIANCE WITH CRIMINAL RULE 17(c) SUBPOENAS**

Defendant's Motion to Compel Compliance with Criminal Rule 17(c) Subpoena against Selex ES, LLC ("Selex") should be denied in its entirety. As Defendant correctly notes in its motion, Selex filed a Motion to Quash the Defendant's Rule 17(c) Subpoena prior to the filing of his motion to compel, and adopts the legal arguments made in its motion to quash as if set forth herein.

**I. DEFENDANT'S MOTION DOES NOT ESTABLISH THE RELEVANCE OR ADMISSIBILITY OF THE INFORMATION HE SEEKS FROM NON-PARTY SELEX.**

Defendant's Subpoena seeks records from a non-party which are neither relevant nor admissible.

Defendant's Motion suggests that he now seeks records for a period of time of only three years, rather than the five year period set forth in the Subpoena. Taking

Defendant at his word, this date range remains indefensibly overbroad and unrelated to the charged crimes.  Defendant does not contravene, and to Selex's understanding cannot contravene, that the criminal acts charged are alleged to have been conducted over a period of 24 days, between December 5, 2021 and December 29, 2021.  Defendant further acknowledges that information regarding the process of his identification through use of various cameras by law enforcement agents has also been provided to him by the Government.  Defendant does not allege in its Motion that cameras sold by Selex were used to identify him, and cannot allege that Selex has any information about the use of the cameras or the maintenance of any recordings by them, as Selex does not operate the cameras once sold and does not retain information recorded by the cameras.

As such what Defendant is truly seeking are documents that address times he may or may not have been otherwise viewed by cameras owned by unknown entities over a three year period, the vast majority of which is prior to the time he is alleged to have committed the crimes charged or after he was arrested.  There can be no argument that such records are relevant or admissible to any determination of his criminal charges or any investigation that led to his arrest.  This sounds like exactly the sort of fishing expedition that courts regularly do not condone.  *See United States v. D-2 Raef Hamaed*, 20-cr-20162, 2022 WL 4793057 (E.D. Mich. Oct. 3, 2022)

(quashing Defendant's Rule 17(c) subpoena – the government had provided information regarding all pharmacies and time frames related to indictment and therefore subpoena seeking records of 44 pharmacies over 8½ years held to be a "fishing expedition"); *United States v. Salvagno*, 267 F. Supp.2d 249, 253 (N.D.N.Y. 2003) (quashing Defendant's Rule 17(c) subpoena seeking documents regarding covering an extended time well outside the scope of the charged conduct).

Likewise, taking Defendant's representations in the Motion to Compel at his word, Defendant is aware of which law enforcement agencies investigated his alleged crimes and when and how he was observed by law enforcement in their investigation. Defendant previously has identified Michael Thrush by name as the investigator, and noted that the Government has already provided "other discovery" showing "the Leonardo/ELSAG camera system was also utilized, without a warrant, in the investigation." (Docket 62 at p. 3). Given that Defendant is already aware of the investigator who can provide information on the cameras used and their owners, seeking information regarding other law enforcement agencies' purchase of other cameras, agencies are <u>not</u> alleged to be a part of the investigation and apprehension of the Defendant, should not be considered relevant or likely admissible. *See United States v. Andrews*, 1:22-cr-20114-2, 2024 WL 195959 (E.D. Mich. Jan. 18, 2024) (quashing Defendant's Rule 17(c) subpoena for information regarding all law

3

enforcement officers working in Saginaw, Michigan as Defendant did not show that any of them played any role in Defendant's arrest).

Despite detailing the information he has already received regarding its knowledge of ALPR cameras in the greater Cleveland area and the establishment and use of such cameras by the Cuyahoga County Sheriff's Office and Chagrin Valley Dispatch (Docket 62 at p. 4), Defendant argues that absent confidential customer information from Selex "Mr. Sturdivant would otherwise have to guess, and then subpoena, and then negotiate with dozens of local law enforcement agencies in the greater Cleveland area " (Motion at 8). If Defendant cannot identify which other law enforcement agencies[1] are at issue in support of his proposed motion, he cannot establish that any information about those agencies or their purchase of cameras from Selex that are not known to have been used to identify him would be relevant or admissible.[2]

---

[1] Again, Selex takes Defendant at his word in the Motion, and assumes that he now only seeks to enforce the subpoena seeking information about certain law enforcement customers of Selex, and not the broader universe of customers sought in the Subpoena.

[2] Selex assumes that Defendant seeks the information concerning his charged crimes and arrest only, and not to impeach witnesses on a collateral matter, as that is facially inadmissible. *See United States v. Quinn*, 230 F.3d 862, 867 (6th Cir. 2000) (extrinsic evidence used to impeach a witness on a collateral matter is inadmissible).

4

Defendant's argument regarding the confidential nature of Selex's dealings with its clients is a red herring, as of course, parties cannot contract for confidentiality that limits the power of this Court. Rather, fairly read, Defendant seeks confidential business information of Selex and its customers without basis in law, and to the extent Defendant already has the documents in hand (such as Selex's contract that he quotes from) or there are documents that the Government is obligated to turn over under *Brady, Giglio*, or its Jenks Act disclosure obligations, such should not also be sought from third parties. *United States v. Farmer*, 1:14-CR-362, 2015 WL 1471965, at *4 (N.D. Ohio Mar. 31, 2015) (quashing 17(c) subpoena issued by Defendant and noting "[w]hile the private entity is likely to have access to the requested information, the very nature of the requested information dictates that it is also in the possession of the government.").

**II.     GOOD FAITH DISCUSSIONS AMONGST COUNSEL TO RESOLVE THE DISPUTED DISCOVERY MATTER PROVIDE NO BASIS TO GRANT THE MOTION, SHOULD NOT HAVE BEEN INCLUDED IN THE MOTION, AND SHOULD NOT BE CONSIDERED BY THIS COURT.**

Defendant seeks to make efforts by counsel to compromise and resolve the outstanding discovery dispute regarding his subpoena one of the centerpieces of his argument. Such discussions are, however, inappropriate for inclusion in this motion and provide no basis to grant it. All such arguments should be entirely disregarded

5

as irrelevant and inadmissible, or if the Court deems appropriate, stricken. *See Federal Rule of Evidence* 408.

Selex will not further compound the inappropriate inclusion of these discussions by detailing the discussions either more completely or more accurately, but suffice it to say no admissions were made as relevance or otherwise. All objections were reserved and efforts by Selex to seek a limited compromise in good faith were unavailing. Whether or not Selex might have documents called for by the subpoena (and might have been willing to compromise the dispute and provide specific documents) is irrelevant to the determination that this Court is called upon to make as to the documents' relevance and admissibility – had the subpoena called for the production of Selex's corporate tax returns, Selex would have had possession of the requested documents, but that neither makes them relevant nor admissible.

Selex only identified the negotiations in its Motion to Quash to show that both parties conferred, in what Selex believed to be good faith by both parties, to seek to resolve the dispute prior to filing its motion and Selex intentionally did not include

any comments from Defendant's counsel about the requests as inappropriate.[3] It declines to do so here for the same reason.

III. **CONCLUSION.**

Defendant's Motion to Compel should be denied as to Selex in its entirety.

Respectfully submitted this the 1st day of April, 2024.

                                        WOMBLE BOND DICKINSON (US) LLP

                                        */s/ James E. Connelly*
                                        James E. Connelly (GA Bar No 181808)
                                        *Admitted Pro Hac Vice*
                                        WOMBLE BOND DICKINSON (US) LLP
                                        271 17th Street, NW, Suite 2400
                                        Atlanta, GA 30363-1017
                                        Phone: (404) 888-7496
                                        Email: James.Connelly@wbd-us.com

                                        Kurt D. Weaver
                                        Ohio Bar No. 39095
                                        WOMBLE BOND DICKINSON (US) LLP
                                        555 Fayetteville Street
                                        Suite 1100
                                        Raleigh, NC 27601
                                        Phone: (919) 755-8163
                                        Email: Kurt.Weaver@wbd-us.com

---

[3] To the extent Defendant wishes to further discuss this matter, Selex remains willing to compromise this dispute and provide offered documents not because they are appropriately sought but only to compromise the dispute, assuming Defendant will agree to the withdraw its motion and accept the documents in full satisfaction of the subpoena. Selex would of course also withdraw its motion to quash if such agreement were reached.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL COMPLIANCE WITH CRIMINAL RULE 17(c) SUBPOENAS** has been served electronically by emailing a copy of same to the following attorneys of record:

Paul Flannery, Esq.
Flannery Georgalis, LLC
1375 E. 9th Street
Cleveland, OH 44114
paul@flannerygeorgalis.com

Adam J. Joines, Esq.
Henry F. DeBaggis, II, Esq.
Margaret A. Kane, Esq.
Office of the U.S. Attorney, Cleveland
Northern District of Ohio
801 Superior Avenue, W
Suite 400
Cleveland, OH 44113
adam.joines@usdoj.gov
henry.debaggis@usdoj.gov
margaret.kane@usdoj.gov

This the 1st day of April, 2024.

WOMBLE BOND DICKINSON (US) LLP

 /s/  James E. Connelly
James E. Connelly (GA Bar No 181808)
*Admitted Pro Hac Vice*
WOMBLE BOND DICKINSON (US) LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363-1017
Phone: (404) 888-7496
Email: James.Connelly@wbd-us.com