# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff,* | **Case No.** 1:22-cr-615 |
| v. | |
| **LAWRENCE STURDIVANT,** | **Judge J. Philip Calabrese** |
| *Defendant* | |

### REPLY TO RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

In its opposition to Defendant Lawrence Sturdivant's Motion to Compel, Selex ES, LLC ("Selex") misstates the facts of this case (despite being informed multiple times that its assertions are incorrect) and stretches the scope of the Rules of Evidence beyond any reasonable interpretation to justify its attempt to conceal Mr. Sturdivant's good faith efforts to resolve this discovery dispute from the Court. But in the end, it marshals no compelling arguments to justify its complete and total refusal to meet its legal obligation to comply with a Court approved subpoena. Thus, the Court should grant Mr. Studivant's Motion to Compel Compliance with Criminal Rule 17(c) Subpoena.

**I.  DEFENDANT'S MOTION ESTABLISHES THE RELEVANCY, ADMISSIBILITY, AND SPECIFICITY OF THE SOUGHT-AFTER INFORMATION.**

The information Mr. Sturdivant seeks from Selex is relevant, admissible, and specific. As illustrated in Mr. Sturdivant's motion to compel, the subpoena meets the standard set forth in *United States v. Nixon,* 418 U.S. 683, 699-700 (1974) for relevancy, admissibility, and specificity. Additionally, the *Nixon* factors are less stringent in the context of a pre-trial motion.

*See, e.g.*, *United States v. Johnson*, No. 14-cr-0412-TEH, 2014 WL 6068089, *6 (N.D. Cal. 2014) ("[D]uring a suppression hearing, a court is not bound by the same evidentiary rules as those at trial, so the concerns about admissibility articulated in *Nixon* may not apply with similar force.")

The information is directly relevant to the issue because the Selex cameras were used to identify the suspect vehicle leading to Mr. Sturdivant's arrest as these multiple screenshots from a prosecution slide presentation bearing a "Leonardo" watermark show:

   

 

2
















 

Leonardo is Selex's parent company.[1] Both Selex and its counsel have been repeatedly informed that its cameras *were* used to identify Mr. Sturdivant, despite a misunderstanding early in the subpoena negotiations. Yet, for some reason, they continue to incorrectly state that their cameras were not involved. This Court should disregard these plainly erroneous assertions that defy undisputed photographic evidence.

The information is further relevant because the camera numbers, locations, and capabilities go directly towards the heart of the privacy issue in Mr. Sturdivant's forthcoming motion to

---

[1] Note the image of the suspect vehicle is marked with the "Leonardo" logo. Selex admits in its Motion to Quash that Leonardo (or some variant of Leonardo License Plate Reader Systems) is a trade name of Selex. At this point, it is fair to say it is established that, for the purposes of this matter, Selex and Leonardo are one and the same. If Selex would like to provide further clarity on its relationship with Leonardo it is welcome to do so, but it is likely not relevant here.

suppress. In determining whether specific technology violates an individual's privacy rights under the Fourth Amendment, the United States Supreme Court has examined such factors as "depth, breadth, and comprehensive reach, and the inescapable and automatic nature of its collection." *Carpenter v. United States*, 585 U.S. 296, 320, 138 S.Ct. 2206, 2223, 201 L.Ed.2d 507. For Mr. Sturdivant to make an educated and persuasive argument in his motion to suppress, he needs to know the relevant information on the logistics of these cameras.

The camera information is also specific; Mr. Sturdivant does not deny the alleged conduct took place in December 2021, but a larger timeframe is needed to illustrate the scope and growth of the camera system. Further, Mr. Sturdivant does not know if the government only ran searches of the camera system in December 2021.[2] The cases Selex cites for its proposition that Mr. Sturdivant's request is too broad are distinguishable; in *United States v. D-2 Raef Hamaed*, No. 20-cr-20162, 2022 WL 4793057 (E.D. Mich. Oct. 3, 2022), the subpoena sought records over an eight and a half year period, and in *United States v. Salvagno*, 267 F. Supp.2d 249, 253 (N.D.N.Y. 2003), the subpoena sought records with no time limitations whatsoever. Both cases are a far cry from the scope of materials sought by Mr. Sturdivant for only a three-year period.

And, Mr. Sturdivant has already pointed out, the information is admissible because most, if not all, of the documents are business records which can be authenticated and are excepted from the hearsay rule. Fed.R.Evid. 803(6) and (8).

---

[2] Note Mr. Sturdivan has already offered to narrow the scope of the subpoena from five years to three years.

7

## II. SELEX HAS RELEVANT INFORMATION MR. STURDIVANT DOES NOT HAVE AND HAS BEEN OTHERWISE UNABLE TO OBTAIN

Selex has information Mr. Sturdivant needs and has not been able to obtain elsewhere. Further, Selex is the most efficient source of camera number and location information. Selex alleges because Mr. Sturdivant "is aware of which law enforcement agencies investigated his alleged crimes," Selex should not have to provide any information in response to his subpoena. Notably, Mr. Sturdivant has also subpoenaed some of these law enforcement agencies, and they have not been able to provide certain information. First, the issue of the camera and software capabilities and functionality. As pointed out earlier, this is necessary information for creating an informed suppression argument. And Selex, as the manufacturer and seller of these cameras, is in the best position to know how they work.

Second, Selex's argument does not appreciate the finer details of the complexities of these cameras and accompanying software. Mr. Sturdivant knows cameras exist. He does not know how many. And to make matters more complicated, say that, for example, the city of Cameraville has 100 cameras. When a law enforcement officer searches the camera system, the officer is not just searching for results from those 100 cameras; the cameras are interconnected with other cities (though Mr. Sturdivant does not know which other cities) and private entities. And no one has been able to shed light on how exactly that works. Selex knows how the cameras and the software work, but it is unwilling to divulge that information.

Further, Mr. Sturdivant does not know such details as: What is being captured on the cameras? How often are the cameras capturing images? What is this mysterious "software suite" that Selex customers gain access to when they purchase Selex cameras and what information does it provide? While Selex suggests Mr. Sturdivant ask someone else these questions, who else than the camera seller itself is in a better position to have these answers?

8

### III. DISCUSSION AMONGST COUNSEL IS RELEVANT TO THE MOTION

Selex also bizarrely takes issue with defense counsel mentioning that defense counsel met and conferred with counsel for Selex in advance of filing the Motion to Compel and describing the content of those negotiations. These conversations were relevant because this Court's standing orders require counsel to confer before filing discovery motions, and it is standard practice to disclose the content of those negotiations to the Court when presenting a discovery dispute to the Court for review.

Selex musters no caselaw whatsoever to support its claim that Rule 408 of the Federal Rules of Evidence applies to criminal subpoena compliance discussions. Defendant Sturdivant does not make any "claims" against Selex for Rule 408 purposes, nor is he attempting to use this information as evidence either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction, which is what Rule 408 governs. Fed. R. Evid. 408(a). Indeed, it is not even clear that Rule 408 applies in this context at all. Courts have held the plain language of Rule 408 reflects that it applies only to civil cases, "specifically the language concerning validity and amount of a claim." *United States v. Prewitt*, 34 F.3d 436, 439 (7th Cir.1994). In addition, the court recognized that nothing in Rule 408 particularly circumscribes the use of evidence of settlement negotiations with a private party in the context of a criminal case. *Id*. See also Fed R. Evid. 1101(d); *United States v. Rosenschein*, No. 16-cr-4571, 2020 WL 2745512, at *1 (D.N.M. May 27, 2020) ("[T]he Rules of Evidence do not apply in pretrial hearings . . . ."); *United States v. Zannino*, No. 83-cr-235, 1985 WL 2305 (D. Mass. June 5, 1985) (Holding that the Rules of Evidence do not apply to hearing on motion for continuance based on physical incapacity).

9

The sole purpose of the disclosures here is to allow the Court to make an informed decision on the proper resolution of the discovery dispute surrounding Mr. Sturdivant's subpoena. There is nothing improper in providing that context, as demonstrated by Selex's inability to point to any authority at all in support of its position.

### IV.	CONCLUSION

Selex raises no legally valid arguments or objections in support of its motion to quash the subpoena. Mr. Sturdivant continues to seek only three basic types of information as spelled out in its motion to compel, two of which Selex has agreed it can produce, and the third of which it has no valid arguments against producing. Therefore, Mr. Sturdivant asks this Court to deny Selex's motion to quash and grant Mr. Sturdivant's motion to compel.

Respectfully submitted,

/s/ *Paul M. Flannery*
Paul M. Flannery (OH: 0091480)
Susan A. Jacobsen (OH: 0100620)
**Flannery | Georgalis, LLC**
1375 E. 9th St., 30th Floor
Cleveland, OH 44114
Tel./Fax: (216) 367-2094
paul@flannerygeorgalis.com
sjacobsen@flannerygeorgalis.com

*Attorney for Defendant Lawrence Sturdivant*

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 5, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties and Leonardo License Plate Reader Systems, a.k.a. Selex ES, LLC and Cuyahoga County Department of Public Safety and Justice Services by operation of the Court's electronic filing system.

              /s/ *Paul M. Flannery*
              Paul M. Flannery